IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **KIM INGOLDSBY and** <br> **KALEB FLOOD,** <br><br> **Plaintiffs,** <br><br> vs. <br><br> **JERRY TRIPLETT,** <br><br> **Defendant.** | ) <br> ) <br> ) <br> ) <br> )  CIVIL NO. 12-681-GPM <br> ) <br> ) <br> ) <br> ) <br> ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiffs, Kim Ingoldsby and Kaleb Flood, brought this suit against Defendant, Jerry Triplett, under 42 U.S.C. § 1983 and state tort law for an alleged violation of their right to privacy. The suit charges that Defendant, a police officer with the City of Zeigler Police Department, accessed personal and confidential information about Plaintiffs from a police database and then disclosed that information to the general public.

This matter is currently before the Court on Defendant Jerry Triplett's motion to dismiss for failure to state a claim upon which relief can be granted (Doc. 22). Also before the Court is Plaintiffs' second motion for leave to amend their complaint to include additional counts against the City of Zeigler, Illinois. For the reasons stated below, Defendant's motion to dismiss is granted, and Plaintiff's second motion for leave is denied.

## I. DEFENDANT'S MOTION TO DISMISS

### A. Legal Standard

As an initial matter, the Court notes the standard under which it must evaluate the instant motion to dismiss. The purpose of a Rule 12(b)(6) motion to dismiss is to decide the adequacy of the complaint, not to determine the merits of the case. *Gibson v. City of Chi.,* 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a motion to dismiss, a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009), *quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). Plausibility in this context means that "the plaintiff must give enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). A complaint cannot simply recite the elements of the cause of action, or couch legal conclusions as factual allegations. *Iqbal,* 556 U.S. at 678, *citing Twombly,* 550 U.S. at 555. Rather, the plaintiff must "provid[e] some specific facts" to support the legal claims asserted in the complaint. *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011). In reviewing the adequacy of a complaint, the court is to accept the well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Santiago v. Walls*, 599 F.3d 749, 756 (7th Cir. 2010).

### B. Plaintiffs Fail to State a § 1983 Claim or State Law Claim for Violation of the Right to Privacy.

Plaintiffs bring their suit under 42 U.S.C. § 1983 and state tort law for an alleged violation of their right to privacy. To state a claim under § 1983, a plaintiff must sufficiently allege facts showing that a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. *See London v. RBS Citizens, N.A.,* 600 F.3d 742, 745–46 (7th Cir. 2010). The Supreme Court has not definitively recognized a

constitutional right to privacy regarding the disclosure of personal information. *Nat'l Aeronautics & Space Admin. v. Nelson*, 131 S. Ct. 746, 751 (2011); *see Whalen v. Roe,* 429 U.S. 589, 599 (1977). However, the Seventh Circuit has interpreted the Supreme Court's decision in *Whalen* to recognize a constitutional right to the privacy of "information that most people are reluctant to disclose to strangers," including "medical, sexual, financial, and perhaps other categories of highly personal information." *Wolfe v. Schaefer*, 619 F.3d 782, 785 (7th Cir. 2010).

Likewise, Illinois law recognizes an individual's right to privacy, which can be invaded in four different ways: (1) intrusion upon the seclusion of another; (2) appropriation of another's name or likeness; (3) public disclosure of private facts; and (4) publicity placing another in a false light. *Miller v. Motorola, Inc.,* 560 N.E.2d 900, 901–02 (Ill. App. Ct. 1990), *citing* RESTATEMENT (SECOND) OF TORTS §§ 652B, 652C, 652D, 652E at 378-94 (1977). Here, the third theory—the public disclosure of private facts—is applicable. To state a cause of action for public disclosure of private facts, a plaintiff must plead that: (1) publicity was given to the disclosure of private facts; (2) the facts were private, and not public, facts; and (3) the matter made public was such as to be highly offensive to a reasonable person." *Miller v. Motorola, Inc.,* 560 N.E.2d 900, 902 (Ill. App. Ct. 1990), *citing* W. PROSSER, TORTS § 117 (5th ed. 1984).

Defendant argues Plaintiffs failed to allege facts sufficient to state a claim for a violation of their right to privacy because Plaintiffs did not state what type of information was disseminated (Doc. 22). Plaintiffs rebut that it can be inferred the information was highly personal by the fact that it was accessible only by the police department; Defendant already knows the type of information he accessed and disseminated; and to require Plaintiffs to specifically identify the information in a formal pleading would only further harm and damage them (Doc. 24).

The Court agrees with Defendant that Plaintiffs have failed to state a claim under § 1983 or state tort law for violation of their right to privacy. In considering the motion to dismiss, the Court began by identifying the allegations in the complaint that are no more than legal conclusions, and thus not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Plaintiffs allege that Defendant "acting under color of state law, accessed personal and confidential information," and that Defendant "disseminated and publicized said information to the general public" (Doc. 2). These bare allegations amount to nothing more than "formulaic recitation of the elements" of a claim for a violation of the right to privacy. *Iqbal*, 556 U.S. at 681, *citing Twombley*, 550 U.S. at 555. As such, these allegations are not entitled to be assumed true.

Once the bare legal conclusions are disregarded, the only factual allegation remaining in support of Plaintiffs' claims is that the information "was contained within a database accessible only to the police department" (Doc. 2). However, this allegation alone is insufficient to state a claim because it is impossible to discern whether Plaintiffs may claim a privacy interest in the information at issue or whether the information was actually made public.

Plaintiffs failed to allege facts plausibly establishing that the information at issue fell within the confines of the right to privacy. Case law from courts within the Seventh Circuit illustrates that a large amount of information contained within police databases is personal, but not private, such as: driver's license number, social security number, address, height, weight, and arrest record. *See, e.g., Best v. Berard*, 837 F. Supp. 2d 933, 938 (N.D. Ill. 2011); *Sexton v. Runyon*, 1:03-CV-291-TS, 2005 WL 2030865, at *9–10 (N.D. Ind. Aug. 23, 2005). Additionally, any privacy interest in highly personal information is terminated if there is a strong public interest in access to, or dissemination of, the information. *Wolfe*, 619 F.3d at 785. Plaintiffs did not

allege any facts regarding the type of information that Defendant allegedly disclosed (*See* Doc. 2). Without those facts, the Court cannot make the inference that the information was highly personal or that the information was not a matter of legitimate public concern.

Additionally, Plaintiffs failed to allege facts plausibly establishing that the information at issue was publicly disclosed. Public disclosure, in the context of the right to privacy, means communicating the private information to the public at large or to a smaller group of people with whom the plaintiff has a special relationship. *Roehrborn v. Lambert,* 660 N.E.2d 180, 184 (Ill. App. Ct. 1995). Plaintiffs did not state any facts regarding to whom Defendant allegedly disclosed the information, or how it was disclosed (*See* Doc. 2). Without those facts, the Court cannot make the inference that the information was actually made public.

Thus, Plaintiffs have failed to state a § 1983 claim or a state law claim for a violation of their right to privacy, and Defendant's motion to dismiss must be granted.

## II.  PLAINTIFFS' SECOND MOTION FOR LEAVE TO AMEND

Plaintiffs have moved the Court for a second time for leave to amend their complaint in order to add claims against City of Zeigler (Doc. 23). The Court denied Plaintiffs' first motion after finding that Plaintiffs' proposed amendment to their complaint was an attempt "to state a claim based on a theory of respondeat superior" even though that type of claim has been foreclosed by the Supreme Court (Doc. 21). In their second proposed amendment, Plaintiffs attempt to state a §1983 claim against the City of Zeigler based on *Monell v. Dep't of Social Servs.,* 436 U.S. 658 (1978). In *Monell*, the Supreme Court held that a municipality can be held liable under § 1983 for constitutional deprivations caused by the municipality's policy, practice, or custom. *Monell*, 436 U.S. at 694. A *Monell* claim can be based on: (1) an express policy that, when enforced, causes a

constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well-settled as to constitute a custom or usage with the force of law; or (3) an allegation that the constitutional injury was caused by a person with final policy-making authority. *Calhoun v. Ramsey,* 408 F.3d 375, 379 (7th Cir. 2005); *McCormick v. City of Chicago,* 230 F.3d 319, 324 (7th Cir. 2000).

Here, Plaintiffs appear to rely on a combination of the first and second options. They allege that the City of Zeigler is liable under § 1983 because it

> "had a custom or policy that allowed and permitted an employee . . . to access the personal and confidential information of persons through the use of the Police Department's computer system, and thereafter disseminate or distribute that information to persons without legal authority to obtain or be apprised of such information."

However, Plaintiffs' amendment fails to state a claim to relief that is plausible on its face because Plaintiffs have simply tacked on a bare policy allegation to their already deficient complaint. *See supra* pp. 3–5. While a heightened pleading standard is not required to state a *Monell* claim against a municipality, *Leatherman v. Tarrant County,* 507 U.S. 163, 164, (1993), a plaintiff cannot simply allege the existence of a policy or practice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009). The plaintiff "must do more than merely parrot the language of *Monell*" to state a claim. *Johnson v. Johnnie*, Case No. 10-891-GPM, 2011 WL 2020686, at *3 (S.D. Ill. May 24, 2011), *citing Hamrick v. Lewis,* 515 F.Supp. 983, 986 (N.D. Ill. 1981) (abrogated on other grounds by *City of Newport v. Fact Concerts, Inc.,* 453 U.S. 247 (1981)).

Plaintiffs' proposed amendment is utterly devoid of any facts plausibly establishing that the policy or custom actually exists. Plaintiffs' allegations are based soley on their own experience, and there is nothing to suggest that any other similar incidents have occurred. Thus, at best, Plaintiffs allegations support an isolated incident of improper conduct unrelated to

municipal policy. Since Plaintiffs' amendment fails to state a claim to relief that is plausible on its face, leave to amend is denied. *General Elec. Captial Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1085(7th Cir. 1997), *citing Foman v. Davis*, 371 U.S. 178, 182 (1962).

### III. LEAVE TO AMEND

The Seventh Circuit has made it clear that "[u]nless it is certain from the face of the complaint that any amendment would be futile or otherwise unwarranted, the district court should grant leave to amend after granting a motion to dismiss." *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n,* 377 F.3d 682, 687 (7th Cir. 2004). The Court believes Plaintiffs *may* be able to state a § 1983 claim and a state law claim against Defendant Jerry Triplett, and a § 1983 claim against the City of Zeigler for violation of their right to privacy *if* they amend their complaint to include specific facts supporting their claims.

### CONCLUSION

For the foregoing reasons, Plaintiffs' second motion for leave to amend their complaint (Doc. 23) is **DENIED**. Defendant's Motions to Dismiss (Doc. 22) is **GRANTED without prejudice.** Plaintiffs are **GRANTED** leave to file an amended complaint no later than August 5, 2013. If Plaintiffs do not file an amended complaint by said date, this matter shall be dismissed with prejudice and corresponding judgment shall enter.

**IT IS SO ORDERED.**

DATED: July 2, 2013

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge